UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHING CHI CHU, PIN TSUI ANN CHEUNG, HAU CHING CHU, HAU LAM CHU<br><br>FLAT C, 2F, BLOCK 1<br>HEE WONG TERRACE, KENNEDY TOWN<br>HONG KONG<br><br>MAN OI YAN, WING KIU WONG<br>FLAT C, 10 FLOOR, PARK HEIGHT<br>12A PARK ROAD, MIDDLE LEVELS<br>HONG KONG<br><br>And<br><br>SAU FONG YEUNG, CHEUK KEI PANG, CHEUK HEI PANG, YING KIT PANG<br><br>FLAT B, 45 FLOOR, TOWER 1<br> BANYAN GARDEN<br>LAI CHI KOK, KOWLOON<br>HONG KONG<br><br>Plaintiffs<br><br>Against<br><br>KURT W. TONG, in his official capacity as U.S. Consul General in Hong Kong and Macau<br>26 Garden Road Center<br>Hong Kong<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br>111 Massachusetts Ave., NW<br>MS 2260<br>Washington, DC 20529-2260<br><br>And | Case No.:<br><br>COMPLAINT |

| | |
|---|---|
| GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, 4141 N St Augustine Dr, Dallas, TX 75227<br><br>Defendants | |

DESCRIPTION OF ACTION

1. This is an action brought by plaintiffs, SHING CHI CHU, MAN OI YAN, SAU FONG YEUNG and their respective spouses and children, PIN TSUI ANN CHU CHEUNG, HAU CHING CHU, HAU LAM CHU, WING KIU WONG, CHEUK KEI PANG, CHEUK HEI PANG and YING KIT PANG, to compel a decision on their applications for immigrant visas which have been pending with the U.S. Consul General in Hong Kong and Macau for well over a year, as well as to bring to a conclusion the unspecified "review" the United States Citizenship and Immigration Services' Texas Service Center has been purportedly engaged in pertaining to Defender Services, Inc.'s Petitions for Immigrant Worker upon SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG's behalf for over 10 months.

JURISDICTION

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

STANDING

3. The plaintiffs all have a legally protected interest in a timely decision by the U.S. Consul General in Hong Kong and Macau on their applications for immigrant visas and (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful

admission to the United States for permanent residence; (2) there is a causal connection between the injury-in-fact and the defendant KURT W. TONG's challenged behavior in that it is precisely that defendant's failure to adjudicate their immigrant visa applications which prevents the plaintiffs from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give the plaintiffs an opportunity to apply for immigrant visas and ultimately for lawful admission to the U.S. for permanent residency which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiffs all have standing to complain of the actions of defendant KURT W. TONG as set forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

4. Further, plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG all have a legally protected interest in a timely conclusion of the unspecified "review" of Defender Services, Inc.'s approved immigrant visa petitions upon their behalf by defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON because (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the United States for

permanent residence;  (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON'S failure to bring to a conclusion their unspecified "review" of Defender Services, Inc's immigrant visa petitions upon their behalf which prevents these plaintiffs from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give these plaintiffs an opportunity to apply for  immigrant visas and ultimately for lawful admission to the U.S. for permanent residency

which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, *supra*, *Patel v. U.S. Citizenship & Immigration Servs.*, *supra*, *Matushkina v. Nielsen*, *supra*.  Accordingly, plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG all have standing to complain of the actions of defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON as set forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## VENUE

5. Inasmuch as the defendant United States Citizenship and Immigration Services resides in the District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

6. The plaintiffs are all citizens and nationals of the People's Republic of China, residing in the Hong Kong Special Administrative Region.

7. The Defendant KURT W. TONG is the U.S. Consul General in Hong Kong and Macau, and as such has the authority to issue immigrant visas.

8. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is an agency of the United States government within the Department of Homeland Security. It apparently claims the right to engage in unspecified "review" of the immigrant visa petitions filed by Defenders Services, Inc. upon plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG's behalf.

9. GREGORY RICHARDSON is the Director of the USCIS's Texas Service Center. He apparently oversees the unspecified "review" of the immigrant visa petitions filed by Defenders Services, Inc. upon plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG's behalf.

## BRIEF STATEMENT OF RELEVANT FACTS

10. The USCIS has approved Defender Services, Inc.'s Petitions for Immigrant Worker (Form I-140) to classify plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG as immigrants under 8 U.S.C. § 1153(b)(3) in File Nos. SRC1707750130, SRC1790071247 and SRC1790080231, respectively.

11. Each of the plaintiffs filed an application for an immigrant visa with the U.S. Consulate General in Hong Kong and Macau on or before January 19, 2017.

12. Plaintiff SHING CHI CHU and his wife and children, plaintiffs PIN TSUI ANN CHEUNG, HAU CHING CHU and HAU LAM CHU, were all assigned Case No. HNK2017621001 by the National Visa Center.

13. Plaintiff MAN OI YAN and her daughter, WING KIU WONG, were both assigned Case No. HNK2017636002 by the National Visa Center.

14. SAU FONG YEUNG and her husband and children, CHEUK KEI PANG, CHEUK HEI PANG and YING KIT PANG, were all assigned Case No. HNK2017635005 by the National Visa Center.

15. Each plaintiff was scheduled for an interview on their immigrant visa applications at the U.S. Consulate General in Hong Kong and Macau on or before October 19, 2017.

16. Prior to that date each plaintiff was informed that their appointment had been cancelled.

17. At the same time that their appointments were cancelled, plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG's were all informed that Defender Services, Inc. immigrant visa petition upon behalf of had been returned to the USCIS for unspecified "review".

18. The plaintiffs have not received any substantive information regarding either any of these matters since that time.

## COUNT I

THE CONSUL GENERAL HAS BREACHED HIS DUTY TO THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATION WITHIN A REASONABLE TIME.

19. KURT W. TONG, Consul General of the U.S. in Hong Kong and Macau, is an officer of the United States Department of State, an agency of the United States government.

20. The U.S. Consul General in Hong Kong and Macau owes a duty to the plaintiffs to make a decision regarding their immigrant visa applications within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the

parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

21. The over one year in which the plaintiffs' applications have been pending with the Consul General in Hong Kong and Macau and/or his predecessor(s), is well beyond the time which is reasonably required to adjudicate them.

22. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

23. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

24. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

## RELIEF REQUESTED

25. WHEREFORE it is respectfully requested that the Court find that an adjudication of plaintiffs' applications for an immigrant visa to have been unreasonably delayed and compel KURT W. TONG, the U.S. Consul General in Hong Kong and Macau, to adjudicate the plaintiffs' immigrant visa applications in no more than 30 days from the

date of the Court's order, and to take such other action as it deems appropriate.

## COUNT II

THE USCIS AND THE DIRECTOR OF ITS TEXAS SERVICE CENTER HAVE BREACHED THEIR DUTY TO "REVIEW" THE IMMIGRANT VISA PETITIONS APPROVED UPON PLAINTIFFS CHU, YAN AND YEUNG IN A REASONABLE TIME

26. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, both owe a duty to plaintiffs SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG to "review" Defender Services, Inc.'s Petitions for Immigrant Workers upon these plaintiffs' behalf within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

27. This petition has been pending with the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, well beyond the time which is reasonably required to "review" it.

28. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

29. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

30. WHEREFORE it is respectfully requested that the Court find that the "review" of Defender Services, Inc.'s Petition for Immigrant Worker upon behalf of SHING CHI CHU, MAN OI YAN and SAU FONG YEUNG to be unreasonably delayed and compel said Defendants to complete its "review" of this petition in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 26th day of October, 2018

s/ *Michael E. Piston* MI 002
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350